UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HARTY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPARK ENERGY, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) NO. 1:19-cv-02151<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF SPARK ENERGY, LLC'S
MOTION TO TRANSFER CASE TO THE DISTRICT OF NEW JERSEY
AND TO DEFER CASE DEADLINES**

**I.    INTRODUCTION**

Plaintiff Michael Harty brought suit against Defendant Spark Energy, LLC ("Spark") on behalf of himself and a putative class of others who were charged a variable rate for electricity. Compl. ¶ 3.  Plaintiff's lawsuit is essentially identical to a previously-filed case currently pending in the United States District Court for the District of New Jersey.  Accordingly, Spark respectfully requests that the Court transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), as doing so would save judicial resources and make pursuit of the litigation more efficient and economical for the parties.  In addition, pursuant to Fed. R. Civ. P. 6(b), Spark respectfully requests that any upcoming case deadlines, including Spark's deadline to respond to the Complaint, be deferred until thirty (30) days after the Court resolves this Motion to Transfer.

**II.   BACKGROUND**

    **A.    Summary of First-Filed Action**

Michael Harty is not the first plaintiff to challenge Spark's variable rates for electricity. On April 19, 2017, Janet Rolland filed a putative class action complaint in the United States

District Court for the District of New Jersey against Spark titled *Rolland v. Spark Energy, LLC*, Civ. No. 17-2680 (MAS)(LHG) (the "*Rolland* lawsuit"). *See Rolland* Complaint, attached as Ex. A.[1]

Spark is an electricity and natural gas supplier based in Houston, Texas that offers services to consumers in deregulated energy markets. Rolland, a Trenton, New Jersey resident, alleges that Spark's "deceptive pricing practices [have] caused thousands of consumers to pay considerably more for their electricity than they should have." *Id*. at ¶¶ 1, 7. Rolland contends that Spark attracts customers by offering a low initial rate, then rolls the customers into a "'competitively priced' 'variable market rate' that 'may vary according to market conditions.'" *Id*. at ¶ 2. Rolland alleges that the variable rate is substantially higher than other market rates, including the rates charged by the local utility and other energy service companies in the area. *Id.* at ¶ 3. Rolland alleged that Spark violated the New Jersey Consumer Fraud Act,[2] breached the Terms of Service, and breached the implied covenant of good faith and fair dealing. Rolland brought suit "on behalf of a class of all Spark variable rate electricity customers from April 19, 2011 to the present." *Id*. at ¶ 50.

**B.     Summary of Plaintiff's Complaint**

This case was filed on March 27, 2019—almost two (2) years after the first-filed *Rolland* lawsuit. *See Harty* Complaint, attached as Ex. B. The allegations in this case are virtually identical to those in *Rolland*. Indeed, the similarities between the complaints suggest that the

---

[1] Attached as Exhibit A is the Second Amended Complaint, which was filed on August 17, 2018. This is the live pleading in the *Rolland* Lawsuit.

[2] After three attempts, the Court in *Rolland* recently dismissed this claim with prejudice. *See* Dkt. No. 84 (Apr. 29, 2019).

complaint in this case was largely copied directly from *Rolland*.[3] Like in *Rolland*, Plaintiff Harty claims that Spark allegedly lured consumers to sign-up with Spark by offering a low initial rate, then switched customers to a "'competitively priced' 'variable market rate' that 'may vary according to market conditions.'" Ex. B, *Harty* Compl. ¶ 2. Both plaintiffs contend that the variable rate charged by Spark was higher than a reasonable consumer would expect based upon Spark's alleged representations—specifically that it did not "reflect market conditions" for the electricity it supplies. *Id.* Like Rolland, Plaintiff contends that Spark allegedly engaged in "deceptive, bad faith, and unfair pricing practices." *Id*. at ¶ 1. Plaintiff asserts causes of action under the Illinois Consumer Fraud and Deceptive Business Practices Act, for breach of contract, and breach of the implied covenant of good faith and fair dealing. See Ex. B, *Harty* Compl., passim. Plaintiff purports to represent a class of:

> Customers in Illinois who were charged a variable rate for residential electricity services by Spark Energy from Mary 2009 to the present.

*Id.* ¶ 57. Plaintiff seeks injunctive relief and statutory damages on behalf of himself and members of the classes.

### III. ARGUMENT

#### A. The Court Should Transfer this Case to the District of New Jersey

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In determining whether transfer is appropriate under § 1404(a), courts in the Seventh Circuit balance the following factors: (1) whether venue is proper in this District; (2)

---

[3] The Complaints are strikingly similar containing, in many instances, identical or nearly identical language. *Compare, e.g.*, Ex. A ¶ 2 and Ex. B ¶ 2; Ex. A. ¶ 8 and Ex. B ¶ 8; Ex. A ¶ 22 and Ex. B ¶ 25.

whether venue and jurisdiction are proper in the transferee district; (3) whether transfer would serve the interests of justice; and (4) the convenience of the transferee district for the parties and witnesses. *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1059 (N.D. Ill. 2015). In cases involving "mirror image" lawsuits, courts in the Seventh Circuit consider the order in which the cases are filed as an additional factor in the § 1404 balancing analysis. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010); *see also Humphrey v. United Healthcare Servs., Inc.*, No. 14 C 1157, 2014 WL 3511498, at *2 (N.D. Ill. July 16, 2014) ("[T]here should not be simultaneous litigation of essentially identical claims in two federal district courts; one of those actions should yield to the other in the interest of judicial economy.") (citation and quotation omitted).

Spark does not dispute that venue is proper in this District, but maintains that the remaining factors, including the fact that the *Rolland* lawsuit was filed first, weigh strongly in favor of transfer. With regard to the propriety of jurisdiction and venue in the transferee district, this factor weighs in favor of transfer because this case could have been brought in the District of New Jersey based on the allegations in that case as currently pled. "[T]he venue of all civil actions brought in District Courts of the United States" is governed by 28 U.S.C. § 1391(a)(1), which provides that "a civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). Here, Plaintiff purports to bring claims on behalf of an Illinois class who were charged variable rates for residential electricity by Spark. Compl. ¶ 57. Rolland purports to bring a nationwide class "of all Spark variable rate electricity customers," which includes the class that Plaintiff purports to bring. Ex. A, *Rolland* Compl. ¶ 50. Accepting Rolland's allegations as true, for the

purposes of this Motion only, the New Jersey court would also have subject matter jurisdiction over Plaintiff pursuant to the Class Action Fairness Act, 28 U.S.C. ¶ 1332(d)(2).

### 1. A Nearly Identical Previously-Filed Action Is Already Pending

The existence of an already-pending, nearly identical suit is a crucial factor in the § 1404(a) analysis, and should compel transfer here. *See Aland v. Kempthorne*, No. 07-CV-4358, 2007 WL 4365340, at *5 (N.D. Ill. Dec. 11, 2007) ("§ 1404(a) was designed to prevent the situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts.") (citation and quotation omitted).

The following chart illustrates the overlapping nature of the *Rolland* matter and this case:

|  | ***Rolland v. Spark Energy, LLC*** | ***This Case*** |
|---|---|---|
| **Filing Date** | April 19, 2017 | March 27, 2019 |
| **Putative Class** | "[A]ll Spark variable rate electricity customers from April 19, 2011 to the present."<br><br>Ex. A, *Rolland* Compl. ¶ 50. | "[A] class of Spark Energy customers in Illinois who were charged a variable rate for residential electricity services by Spark Energy from March 2009 to the present."<br><br>Ex. B., *Harty* Compl. ¶ 57. |
| **Defendant** | Spark Energy, LLC | Spark Energy, LLC |
| **Allegation** | Spark made material misrepresentations and failed to disclose facts regarding its variable rate. | Spark made material misrepresentations and failed to disclose facts regarding its variable rate. |
| **Causes of Action** | Violation of the New Jersey Consumer Fraud Act, breach of contract, and breach of implied covenant of good faith and fair dealing | Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, breach of contract, and breach of implied covenant of good faith and fair dealing. |

As demonstrated above, Plaintiffs Rolland seeks to represent a putative class that would largely encompass the putative class that Harty seeks to represent. The defendant is also the same in both actions, as Rolland and Harty have sued Spark and only Spark. The allegations and theories asserted and as pled in each case appear to be indistinguishable. For these reasons, the order in which these mirror-image cases were filed should weigh heavily in the Court's transfer analysis.

### 2. The Interest of Justice Factors Favor Transfer

"The interest of justice element 'may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result.'" *Hecker v. Petco Animal Supplies, Inc.*, No. 16 C 10857, 2017 WL 2461546, at *4 (N.D. Ill. June 7, 2017) (quoting *Research Automation*, 626 F.3d at 978). This prong of the transfer analysis "relates to the efficient administration of the court system." *Humphrey*, 2014 WL 3511498, at *4 (citation and quotation marks omitted).

Judicial economy strongly favors transfer to the District of New Jersey because combining the two mirror-image cases would avoid unnecessary and duplicative proceedings. Furthermore, courts consistently hold that the existence of somewhat differing causes of action, as here, does not alter the interest of justice analysis. For example, in *De Falco v. Vibram USA, Inc.*, the plaintiff sought to certify a class under only Illinois law. No. 12 C 7238, 2013 WL 1122825, at *1 (N.D. Ill. Mar. 18, 2013). The defendant sought transfer of the case to Massachusetts, where an earlier-filed nationwide class action based on the same underlying facts had been filed. The court noted that the class plaintiff sought to represent embodied a subset of the nationwide class the Massachusetts plaintiff sought to represent, and held that "[a] court must consider the substance of a claim over the form when determining whether a claim is duplicative." *Id.* at *11. The court further noted that, although the claims were based on

6

different laws, "they [were] substantially similar because they [had] the same underlying facts" and the laws in the two cases allegedly "prohibit[ed] the same conduct." *Id.* In granting transfer, the court cautioned that:

> Allowing discovery and motion practice on these issues to proceed in two different district courts would result in duplicative document productions, depositions, and briefing. The inefficiency of having two district courts decide discovery disputes could be compounded if either party decides to appeal a decision because two different circuit courts would be required to decide the same issues for the same parties. To allow these parallel cases to proceed in two different district courts would undermine the public's interest in judicial economy.

*Id.*; *see also Cruz-Acevedo v. Unilever United States, Inc.*, No. CV 15-2175 (ADC), 2016 WL 9460633, at *7 (D.P.R. Sept. 26, 2016) (granting motion to transfer to California second-filed class action involving both federal and Puerto Rico claims, stating, "it is well known that federal judges routinely apply the law of a state other than the state in which they sit"); *Fryda v. Takeda Pharm. N. Am., Inc.*, No. 1:11-CV-00339, 2011 WL 1434997, at *4 (N.D. Ohio Apr. 14, 2011) (in case alleging only state fair labor claims, finding judicial efficiency concerns outweighed Ohio's interest in deciding Ohio claims and granting motion to transfer case to court in which similar FLSA collective action pending).

Similarly, as pled by both plaintiffs, the underlying theory of supposed wrong and alleged facts appear to be substantially similar. Both Plaintiffs Rolland and Harty claim that Spark is liable because it allegedly charged a variable rate that did not comport with the Terms of Service. *See* Ex. A, *Rolland* Compl. ¶ 71; Ex. B, *Harty* Compl. ¶ 90. Because the cases are nearly identical, allowing the two cases to proceed in parallel would lead to unnecessary and duplicative discovery and judicial proceedings, Spark respectfully requests that this Motion be granted.

Finally, Plaintiff is unlikely to suffer any prejudice if this case is transferred, as this case was initiated on March 27, 2019 and this Motion is Spark's first filing. Thus, the parties have

7

not invested significant time litigating in this venue and transfer will not significantly disrupt the litigation or result in a waste of judicial resources. Thus, the interest of justice factor weighs strongly in favor of transfer to the District of New Jersey where *Rolland* is pending.

### 3. The Convenience Factors Favor Transfer

The "convenience" factors comprise "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties." *Humphrey*, 2014 WL 3511498, at *3 (citation omitted). On balance, these factors weigh in favor of transfer to New Jersey.

With regard to Plaintiff's choice of forum, "although typically some deference is given in the convenience analysis to a plaintiff's choice of forum, the court need not confer that deference where, as here, the plaintiff has brought a duplicative suit." *Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *5 (N.D. Ill. Feb. 15, 2012). Accordingly, given that Plaintiff seeks to represent a class of Illinois individuals, when an almost identical matter is pending in which Plaintiff Rolland is seeking to represent a nationwide class (including individuals who reside in Illinois), the Court need not defer to Plaintiff's choice of forum.

With regard to the second and third convenience factors, neither the situs of material events nor the ease of access to proof carry much weight here. The primary alleged cause driving Plaintiff's complaint is supposed breach of contractual promises in Spark's Terms of Conditions. "In a breach of contract case, the situs is where the business decisions causing the breach occurred." *First Nat. Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006) (citations omitted). As alleged in Plaintiff's complaint, Spark is located in Texas—not Illinois. Ex. B, *Harty* Compl. ¶ 5. Similarly, the location of documents is a neutral factor, since most relevant documents are likely not located in either Illinois or New Jersey. Certainly, the location of documents is no reason to think that Illinois is more convenient than New Jersey.

With regard to convenience of the parties and witnesses, these factors both weigh in favor of transfer. Transfer to New Jersey will be more convenient for Spark because it is already litigating an almost identical case there. And, while transfer to New Jersey may be less convenient for Plaintiff, Plaintiff and his purported class members are individuals who will likely produce few, if any, witnesses. Spark, on the other hand, is a large corporation who would need to bring various corporate and employee witnesses to trial in New Jersey if this case were to survive and proceed to that phase. *See Preston*, 2017 WL 5001447, at *4. Because these witnesses would need to testify at trial, if the case survives, it will be more convenient and less costly for them if this case is litigated in the District of New Jersey.

Because the very same issues raised before this Court are already before the New Jersey court, the interests of efficiency and justice would be served by transfer of this case to New Jersey.

**B.     The Court Should Stay All Deadlines Until After It Resolves This Motion**

Spark also respectfully requests that the Court defer any upcoming deadlines in this case until after the Court resolves this Motion to Transfer, including any discovery deadlines and deferring Spark's response to the Complaint until thirty (30) days after this Motion is resolved. Spark expressly reserves all of its defenses in this matter including the right to file a motion to dismiss the Complaint under Rule 12(b). However, given the possibility that this case will be transferred, it is prudent to defer all response dates until the proper forum has been determined in order to avoid duplication of judicial and party resources. *See, e.g.*, *Abbott v. Lockheed Martin Corp.*, No. 3:06-CV-701-MJR, 2006 WL 6914829, at *1 (S.D. Ill. Nov. 8, 2006) (granting motion to defer deadlines pending decision on motion to transfer). In the absence of a deferral, the parties may be required to brief the same arguments twice and the same motion may need to be presented twice to two separate courts.

9

## IV. CONCLUSION

For the foregoing reasons, the Court should transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Additionally, the Court should grant Spark's request to defer case deadlines, including deferring Spark's response to the Complaint until 30 days after this Motion is resolved.

| | |
|---|---|
| Dated: June 3, 2019 | Respectfully Submitted,<br><br>*/s/ Tinos Diamantatos*<br>Tinos Diamantatos<br>tinos.diamantatos@morganlewis.com<br>77 West Wacker, Suite 500<br>Chicago, IL 60601<br>(312) 324-1000 (Telephone)<br>(312) 324-1001 (Facsimile)<br><br>Ezra D. Church<br>ezra.church@morganlewis.com<br>*Pro Hac Vice Pending*<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>(215) 963-5000<br><br>Michelle D. Pector<br>michelle.pector@morganlewis.com<br>*Pro Hac Vice Pending*<br>Veronica Lew<br>veronica.lew@morganlewis.com<br>*Pro Hac Vice Pending*<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana, Suite 4000<br>Houston, TX 77002<br>(713) 890-5455<br><br>*Attorneys for Defendant Spark Energy, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June 2019, a true and correct copy of the foregoing Motion to Transfer the Action to the United States District Court for the District of New Jersey and to Defer Case Deadlines and all accompanying exhibits was filed through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Tinos Diamantatos*
Tinos Diamantatos

11